ELLA DALY KING, EXECUTRIX UNDER THE LAST WILL AND TESTAMENT OF ROBERT C. KING, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

WILLIAM RAVNER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 8283, 8284. Promulgated February 13, 1928.

*Henry D. Valentine, Esq.,* for the petitioners.
*J. W. Fisher, Esq.,* for the respondent.

700

OPINION.

MURDOCK: The petitioners contend that inasmuch as the partnership was paying 6 per centum on all monies contributed or intrusted to it and at the same time was charging interest at the same rate when it advanced the monies to others, the transactions had nothing whatever to do with profits, and the interest it paid on the capital accounts of the partners was an expense of the business and was not a part of the net income of the partnership and not a distribution of profits.

We assume, since the point has not been raised, that there was partnership income for each of the years or periods in excess of the amounts of so-called interest here in controversy. But in any event, we can not agree that "interest" credited on the capital advanced by the partners was a proper deduction from partnership income. It therefore follows in this case, that it was a part of the statutory taxable net income of the partnership and of a distributive share of the profits of the partnership. See *John A. L. Blake* v. *Commissioner*, 9 B. T. A. 651.

We have heretofore held that one's tax liability can not be lessened by a transfer of income already earned, or expected to be earned. The very act of transfer is an exercise of enjoyment of the fruits of ownership of property and measures the transferor's ability to contribute to the cost of government. *Appeal of Ormsby McKnight Mitchel*, 1 B. T. A. 143, in effect affirmed in *Mitchel* v. *Bowers*, 15 Fed. (2d) 287; *Appeal of Samuel V. Woods*, 5 B. T. A. 413; *Hudson M. Knapp* v. *Commissioner*, 5 B. T. A. 762; *Appeal of Fred W. Warner*, 5 B. T. A. 963; *Alfred LeBlanc* v. *Commissioner*, 7 B. T. A. 256.

Therefore, in the present case the various amounts credited to either the "Ella D. King Loan Account" or to the "William Ravner Trustee Account" or to the "William Ravner Trustee Loan Account" as "interest" on the capital contributed by the partners was not a proper deduction from income but represented taxable income of the partners. *Bing* v. *Bowers*, 22 Fed. (2d) 450. In the case of King, these amounts were for 1920, $27,810.93 and for the period January 1, to March 29, 1921, $6,733.57. In the case of Ravner, these amounts were for 1920, $3,514.40; for 1921, $4,331.31; for 1922, $6,000; and for 1923, $7,227.09.

We come now to consider a small amount of interest of an entirely different character, being interest not on the capital contributed by the partners to the partnership, but interest credited by the partnership for its use of average credit balances in the two loan accounts above mentioned. If the funds once actually credited in

these accounts belonged not to the partners but to outsiders, then the interest credited to these accounts for use of the funds by the partnership would be a real expense of the business, being interest paid on borrowed money. In the case of King, all amounts credited to this account represented gifts to his wife and if she allowed a balance to remain undrawn which the partnership used and for which use it paid or credited interest to the account, clearly the interest was not income to King, but was in reality an expense of the partnership business.

The additions to King's income made by the Commissioner are not reconcilable with any amounts disclosed by the partnership books, despite the industry and frankness of the petitioner in endeavoring to account for the Commissioner's action. We therefore hold that in adding any amount in excess of $27,810.93 to King's income for 1920, the Commissioner was in error and that for the period January 1, to March 29, 1921, since only $6,513.42 was added to King's income by the Commissioner, the difference between that amount and $6,733.57 must be disregarded in the computation of the deficiency for the period.

The petition included an allegation that the Commissioner had erroneously transferred $20,502.48 " from the personal taxable income of Ella Daly King to the personal taxable income of Robert C. King " for the fiscal year beginning March 30, 1921. No proof was offered in regard to this allegation and therefore the deficiency for this fiscal year as determined by the Commissioner must be approved.

In the case of William Ravner, although the facts are somewhat different, we think the result must be the same, namely, that the earnings of this trustee account or loan account credited thereto for the use by the partnership of credit balances in the account were not income to Ravner, but were an expense of the partnership. Ravner's letter stated that he transferred a definite amount standing to his credit, together with all future additions thereto, to his two children. He stated that he desired to continue the account as trustee. At all times thereafter he treated the amounts in this account as if they belonged to his children. He reported additions to the amount as income of the children. He used the money solely for their benefit and never has given any indication of a change of attitude in regard to this fund. It is not necessary to decide whether his acts constituted a gift or created a trust, since we are satisfied that one or the other result must follow and in either event the earnings of the fund were not his income, but were an expense of the partnership.

Of the amount which the Commisisoner added to Ravner's income, we have held that a part was properly added, being a distributive share of partnership net income, and that the remainder

was improperly added, since it was, in fact, the interest credited to an outsider's account by the partnership for its use of the average balance in that account.

> *Judgment will be entered in accordance with the foregoing opinion on notice of 20 days, under Rule 50.*